UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN ALLY,<br><br>   Plaintiff<br><br> v.<br><br>CHIPOTLE MEXICAN GRILL,<br><br>   Defendant | CIVIL ACTION NO. 1:18-CV-2342<br><br>(CONNER, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This civil rights action, brought by *pro se* Plaintiff, Jonathan Ally, was commenced by the filing of a complaint on December 07, 2018. (Doc. 1). Ally also filed a motion for leave to proceed *in forma pauperis* on December 07, 2018, which the Court granted on June 17, 2019. (Doc. 2; Doc. 6). In his complaint, Ally brings a cause of action against Chipotle Mexican Grill for alleged violations of Title VII of the Civil Rights Act of 1964.[1] (Doc. 1). Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds the Complaint (Doc. 1) fails to state a claim upon which relief may be granted, and Ally is granted leave to file an amended complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On December 7, 2018, Plaintiff Jonathan Ally ("Ally"), proceeding *pro se*, filed the instant action against Chipotle Mexican Grill ("Chipotle"). (Doc. 1, at 1). The sparse allegations in the complaint stem from Ally's employment at Chipotle. Liberally construing the complaint, Ally alleges discrimination on the basis of sex and race, and retaliation for

---

[1] 42 U.S.C. § 2000e *et seq*.

reporting the discrimination to Chipotle's corporate office. Specifically, Ally alleges that Chipotle discriminated against him when he "did not agree to do drugs, drink, and have sex with other employees" and that Chipotle fired him on September 11, 2016 because "he did not fit the culture." (Doc. 1, at 2). Ally further alleges that, after he reported this discrimination, he "was forced out, banned from the restaurant, and a false police report was made" when he went to the restaurant to get his paycheck and order food. (Doc. 1, at 2). As relief, Ally requests that this Court "seek remedies and establish Justice in this racist region within the jurisdiction of this District." (Doc. 1, at 2).

II.  **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint.[2] All reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As the Supreme Court of the United States held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying

---

[2] In evaluating a motion to dismiss, the Court may properly "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case," in addition to the facts alleged in the complaint. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed

that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. DISCRIMINATION CLAIMS UNDER TITLE VII

Ally brings his claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. 1, at 1). Title VII prohibits discrimination in employment based on, among other things, race, gender and sex. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). In general, to establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted).

    **1. The Complaint fails to state a claim for sex discrimination or sexual harassment.**

Even when liberally construed in the light most favorable to Ally, the complaint fails to state a claim for relief under Title VII. Indeed, the extent of Ally's claim is that he was discriminated against because he refused to have sex with other employees. (Doc. 1, at 2).

Ally does not allege that he is a member of a protected class, or that Chipotle took any adverse employment action against him on the basis of his sex. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Ally's conclusory allegations do not state a plausible claim for sex discrimination pursuant to Title VII.

Further, to the extent Ally may attempt to raise a cause of action against Chipotle for sexual harassment, his conclusory allegations also fail to state a claim. Sexual harassment based on a hostile work environment is a form of actionable sex discrimination under Title VII. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986). To state a hostile work environment claim under Title VII, a plaintiff must establish that: "1) the employee suffered intentional discrimination because of his/her [gender or sex], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of respondeat superior liability." *Mandel v. M &Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Even when liberally interpreted as asserting a hostile work environment claim, Ally's undeveloped allegations are insufficient under the federal pleading standards.

Accordingly, Ally's complaint fails to state a claim under Title VII for sex discrimination or sexual harassment.

### 2. The Complaint fails to state a claim for racial discrimination.

The complaint also fails to state an employment discrimination claim based on Ally's race. As stated *supra*, the complaint does not allege that Ally is a member of a protected class, only alleging that he was fired for not fitting the culture. (Doc. 1, at 2). Nor does Ally allege any circumstances giving rise to an inference of discrimination; Ally does not (1) allege that "similarly situated employees who...were not members of the same protected class...were

treated more favorably under similar circumstances" or (2) allege facts that "otherwise show[ ] a causal nexus between [the employee's] membership in a protected class and the adverse employment action." *Drummer v. Trustees of Univ. of Pennsylvania*, 286 F. Supp. 3d 674, 681 (E.D. Pa. 2017); citing *Greene v. Virgin Islands Water & Power Authority*, 557 F. App'x 189, 195 (3d Cir. 2014); *Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 n.7 (3d Cir. 2003). As such, Ally's complaint fails to state a claim under Title VII for racial discrimination.

### B. TITLE VII RETALIATION CLAIM

Ally also asserts that he was "retaliated against" after reporting discriminatory conduct to Chipotle's corporate office. (Doc. 1, at 2). The purported retaliatory conduct seems to be Ally's removal and ban from the restaurant, as well as the "false police report" filed against him, when he came to pick up his paycheck and order food. (Doc. 1, at 2). It is not entirely clear from the complaint whether such alleged retaliatory conduct occurred before or after his termination from Chipotle.

A cause of action for retaliation under Title VII requires a showing that: "(1) [plaintiff] engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between [plaintiff's] participation in the protected activity and the adverse employment action." *Moore v. City of Phila.,* 461 F.3d 331, 340–41 (3d Cir.2006) (quoting *Nelson v. Upsala Coll.,* 51 F.3d 383, 386 (3d Cir.1995)); *LeBoon v. Lancaster Jewish Comty. Ctr. Ass'n.,* 503 F.3d 217, 232 (3d. Cir. 2007). Here, although Ally alleges that he engaged in activity protected by Title VII (the complaint of discrimination) and that he suffered an adverse employment action (termination of his employment, the removal and ban from the restaurant, and the police report), his complaint does not allege any causal connection between these allegations, such as an allegation of temporal proximity.

Further, given the absence of any timeframe for the actions by Chipotle and for Ally's termination and removal from the restaurant, the Court is unable to determine whether Ally's removal from the restaurant and subsequent police report was actually an adverse employment action. For these reasons, Ally does not sufficiently state a claim for retaliation under Title VII.

C. EXHAUSTION OF TITLE VII CLAIMS

Finally, and in accordance with its statutorily-mandated duty to review this complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court notes that Ally has failed to allege that he exhausted his administrative remedies prior to filing the complaint in this court. He has not alleged that he submitted his employment discrimination claim to the U.S. Equal Employment Opportunity Commission ("EEOC") or a state conciliation agency, nor has he alleged that he has received a "right to sue" letter from either agency. *See e.g. Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986). The jurisdictional prerequisites to the filing of a suit under Title VII are the filing of charges with the EEOC and the receipt of the notice of the right to sue letter. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798–99 (1973); *Ostapowicz*, 541 F.2d at 398; *Tlush v. Mfrs. Res. Ctr.*, 315 F. Supp. 2d 650, 655 (E.D. Pa. 2002) (attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII suits). The aggrieved person is not permitted to bypass the administrative process. *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976).

However, the Supreme Court recently held that "[p]rerequisites to suit like Title VII's charge-filing instruction are not [jurisdictional]; they are properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019). Accordingly, and without deciding whether a failure to

exhaust may ultimately bar Ally's claims, the Court does not find the failure to allege exhaustion of his Title VII claims to be a basis for dismissal at this time.

### D. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, it is not apparent that amendment would be futile with respect to the following claims brought under Title VII: sexual discrimination, sexual harassment creating a hostile work environment, racial discrimination, and retaliation.

Ally will be given the opportunity to submit an amended complaint that is complete in all respects. The amended complaint must be a pleading that stands by itself without reference to earlier pleadings. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must also specify, in a coherent fashion, how the Defendant contributed to the allegations giving rise to the complaint. Moreover, it must be "simple, concise, and direct" as required by Rule 8(d)(1) of the FEDERAL RULES OF CIVIL PROCEDURE. The amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a[n understandable] demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Failure to comply with these requirements may result in the recommendation that this action be dismissed in its entirety.

IV. **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff Jonathan Ally's complaint (Doc. 1) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Ally leave to file a curative amended complaint within **twenty-one (21) days of this Order**, or on or before September 11, 2020. Failure to file an amended complaint may result in the undersigned recommending that this matter be dismissed.

An appropriate order will follow.


Dated: August 21, 2020                                  *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States Magistrate Judge**